UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAKISTANI AMERICAN POLITICAL ACTION COMMITTEE, et al., | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 3:24-cv-2379-X |
| JALIL KAHN, et al., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs' motion to remand. (Doc. 10). The Court ordered a response in short order and Defendants timely responded. (Docs. 18, 19). After reviewing the parties' arguments, the Court **FINDS** that it lacks subject matter jurisdiction and **GRANTS** the motion to remand. (Doc. 10). Accordingly, the Court **REMANDS** to the 298th Judicial District Court of Dallas County, Texas. All other motions pending before the Court are **DISMISSED AS MOOT** and the Court **DISSOLVES** the temporary restraining order it previously entered.

## I. Factual Background

This case is about two "PAC"s (not to be confused with Tupac). One is the "Pakistani American Public Affairs Committee" and the other is the "Pakistani American Political Action Committee." They both claim to be the real "PAKPAC," but there can be only one—or so this case seems to suggest.

While the details of this story are interesting, the Court need not regurgitate them here, as this is a plain jurisdictional holding based on two somewhat-related and seldom-relied-on doctrines of federal jurisdiction. All that is legally relevant here is why this was removed in the first place. Plaintiffs brought this case in state court in Dallas County and they assert four claims in their original petition: (1) Business Disparagement, (2) Money Had and Received, (3) Fraud and Fraudulent Inducement, and (4) Fraud by Nondisclosure. Each of these is a state-law claim, meaning the federal question is not present on the face of the complaint.

But Defendants, not going down without a fight, say two doctrines apply. Those are: (1) the embedded federal question doctrine and (2) the complete preemption doctrine. The first would generally apply when the federal question makes up an element of the cause of action such that a significant federal law must be construed to award relief. The second generally applies when the federal cause of action totally preempts state law such that the state cause of action is treated as a federal one.

Both the first and second theory depend on the Federal Election Campaign Act (the Act) for a federal hook. Essentially, on the first theory, Defendants claim that because resolving any of Plaintiffs' claims would entail some interpretation of federal law, there is a sufficient federal hook to confer jurisdiction. On the second theory, Defendants claim that because the Act preempts state law governing registration and organization, this is a wholly federal matter and any cause of action must be dealt

2

with by the federal judiciary.  For the reasons discussed below, neither theory holds water.

## II. Legal Standards

On a motion for remand, the Court must remand if it determines it does not have subject matter jurisdiction.[1]  The standards for the two jurisdictional theories are set out below.

### A. Embedded Federal Question Standard

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."[2] This Court has original jurisdiction over cases within its subject matter jurisdiction. That includes this Court's federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."[3]

Generally, the way to figure out whether a civil action "arises under" federal law is the venerable well-pled complaint rule.  That is, "a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint; generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."[4]  But of course, there are doctrines that complicate that straightforward formulation.  Only two are relevant here: embedded federal questions and complete preemption.

---

[1] *Lutostanski v. Brown*, 88 F.4th 582, 588 (5th Cir. 2023).

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1331.

[4] *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Embedded federal questions may go by different names, but for simplicity, this is the term the Court will use.  An embedded federal question can arise when, on the face of the complaint, there is no federal question, but the federal issue lies within one of the state law claims.  The seminal case for this doctrine is *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*.[5]  There, the Supreme Court recognized that even when no federal cause of action was pled, "federal-question jurisdiction will lie over state-law claims that implicate significant federal issues."[6]  *Grable* applies if "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[7]  Importantly, "the category of cases that satisfy these requirements is special and small."[8]  The *Grable* analysis is relevant here, as this case involves "a state-law claim premised on some component of federal law."[9]

## B. Complete Preemption Standard

Complete preemption is an exception to the well-pled complaint rule. Crucially, complete preemption is different from ordinary preemption.  "Complete preemption is a short-hand for the doctrine that in certain matters Congress so strongly intended an exclusive federal cause of action that what a plaintiff calls a

---

[5] 545 U.S. 308 (2005).

[6] *Id.* at 312.

[7] *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 529 (5th Cir. 2020) (cleaned up).

[8] *Mitchell v. Advanced HCS, L.L.C.*, 28 F.4th 580, 588 (5th Cir. 2022) (cleaned up).

[9] *Id.*

state law claim is to be *recharacterized* as a federal claim."[10]  On the other hand, "ordinary 'defensive' preemption,"[11] operates as a defense to the application of state law when superseded by federal law.

The Fifth Circuit standard for complete preemption is as follows. The defendant must show that:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear congressional intent that the federal cause of action be exclusive.[12]

"Once established, the question becomes whether [the plaintiff] 'could have brought' his state-law claims under the federal cause of action."[13]

### III. Analysis

The Court will begin with the embedded federal question analysis and then move to the complete preemption analysis.

### A. Embedded Federal Question

There is no embedded federal question here.  Four elements must be satisfied to get federal jurisdiction.  As stated above, those are: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually

---

[10] *Fayard v. Ne. Vehicle Servs., LLC*, 533 F.3d 42, 45 (1st Cir. 2008).

[11] *Id.* at 45–46.

[12] *Mitchell*, 28 F.4th at 585 (cleaned up).

[13] *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[14]

Even if the first two elements are met, the third is not—the federal issue is not substantial.   When determining substantiality, the Court must determine "the importance of the issue to the federal system as a whole," rather than the importance of the issue to the case at hand or to the resolution of the state-law claims at issue.[15] The Fifth Circuit described the distinction for significance in *Board of Commissioners v. Tennessee Gas Pipeline Co.*[16]  There, the Fifth Circuit drew a distinction between when the parties' dispute "just concern[s] whether Defendants breached duties created by federal law," versus when "it concerns whether federal law creates such duties."[17]   The latter is significant, because "[t]he implications for the federal regulatory scheme of the sort of holding" the party sought "would be significant."[18]

Quite unlike whether a duty to report or register with the Federal Election Commission (the Commission) exists in the first instance, the claims in this case turn on whether and under what circumstances that may or may not have happened.[19]  In terms of federal importance, that is a world apart from whether such an obligation *exists*—it is about whether that obligation was *satisfied*.  The federal system is not threatened by state courts dealing with such matters.

---

[14] *Lamar Co.*, 976 F.3d at 529 (cleaned up).

[15] *Gunn v. Minton*, 568 U.S. 251, 260 (2013).

[16] 850 F.3d 714 (5th Cir. 2017).

[17] *Id.* at 724.

[18] *Id.*

[19] *See* Doc. 1-4 at 7–9; Doc. 8 at 7–10.

Because the federal issues presented in this case amount to little more than molehills, rather than mountains, the Court does not have jurisdiction on any embedded federal question.

## B. Complete Preemption Analysis

Again, the "narrow,"[20] complete preemption doctrine arises "when Congress so completely preempts a particular area that any civil complaint raising this select group of claims is necessarily federal in character."[21]  "To establish complete preemption," the Defendants must show that:

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law; (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and (3) there is a clear congressional intent that the federal cause of action be exclusive.[22]

"Once established, the question becomes whether [the plaintiff] 'could have brought' his state-law claims under the federal cause of action."[23]

Defendants fail at step one.  While there is a preemption provision in the Act,[24] and, in general, the Commission has the (mostly)[25] exclusive power to enforce

---

[20] *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 5 (2003).

[21] *Elam v. Kan. City S. Ry. Co.*, 635 F.3d 796, 803 (5th Cir. 2011) (cleaned up).

[22] *Mitchell*, 28 F.4th at 585 (cleaned up).

[23] *Id.* (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004)).

[24] 52 U.S.C. § 30143.  This presents another problem for the Defendants as the preemption provision appears only to concern claims that relate to "election to federal office," which these common law claims do not.

[25] One potential hang up is 52 U.S.C. § 30109(a)(8)(C), which provides that in the event the Commission improperly fails to enforce a provision of the Act, a private person may, in his own name, bring a private civil action to remedy the alleged violation of the Act.  While this appears to be an exclusive federal remedy for enforcement of the Act, it says nothing of actions that rely on violations of the Act as an element of a state court claim.  Plaintiffs here do not seek to enforce the provisions of the Act against Defendants; rather, they seek damages for various business harms, based on a theory that involves a violation of the Act.  Moreover, that citizen-suit provision operates more as a check on

provisions of the Act, the federal cause of action neither replaces nor protects the analogous area of state law.

The federal cause of action exists to enforce provisions of the Act and it does so through civil penalties.[26]  So the question on this point is whether the cause of action Congress empowered the Commission to bring replaces and protects the analogous area of state law.  That is, whether Plaintiffs' essentially business-related claims are replaced and protected by the Act.  The answer is no.  The short version of why is this: The civil enforcement provision of the Act does "does not provide that *all claims* resulting from or relating to" political action committees "are to be brought exclusively to a federal court," only claims for the enforcement of the Act.[27]  Thus, the federal cause of action does not replace any relevant area of state law and state law is not completely preempted by the Act.[28]

The longer version of why complete preemption does not apply is because the Act does not replace and protect the area of business torts and claims, as seen by the lack of similarity between each of the claims asserted here and the cause of action that Congress provided for.

---

the Commission for failing to do its job than an affirmative private right of action.  To base federal jurisdiction on such a provision would be inappropriate.

[26] 52 U.S.C. § 30109.

[27] *Gibbs ex rel. Est. of Velasquez v. Se. SNF LLC*, No. SA20CV01333JKPRBF, 2021 WL 1186626, at *7 (W.D. Tex. Mar. 30, 2021).

[28] That conclusion is buttressed by the fact that individuals normally cannot recover anything under the Act.  52 U.S.C. § 30109(a)(8)(C).  Because individuals can only bring suit under the Act once the Commission has failed to act, and only then can the individual seek civil penalties for violations of the law, the Act does not connect the violation of law to the harm alleged.  52 U.S.C. § 30109(a)(8)(C).  In other words, the system created under the law does not supplant the system of common law causes of action to prevent harm and to make whole those who have been harmed.

*Business Disparagement.*  Plaintiffs claim that Defendants falsely accused Dr. Ali of violating the Commission's regulations.[29]  The Act does not replace business disparagement or defamation claims.  Indeed, the Act has nothing to do with reputational injuries.  Therefore, the Act cannot replace that area of the law.

*Money Had and Received.*  "This action is not premised on wrongdoing, but looks only to the justice of the case and inquires whether the defendant has received money which rightfully belongs to another."[30]  The elements of this cause of action are: (1) "a defendant holds money" and (2) that money "in equity and good conscience belongs to" the plaintiff.[31]  The enforcement provisions of the Act would not allow money-had-and-received restitution.  Instead, the federal enforcement provision allows for a civil penalty, up to a certain amount, but not restitution.[32]  While both are equitable in nature, they differ in effect: the federal is to punish and the state is to restore.  Therefore, they protect different things, and the cause of action does not completely preempt the state one.

*Fraud and Fraudulent Inducement.*  Both actual fraud and fraudulent inducement contain the same elements under Texas law, so the Court treats them here as one cause of action.[33]  The only fraud provision of the Act is found at 52 U.S.C. § 30124.  That section provides restrictions first on candidates or agents and

---

[29] Doc. 1-4 at 7.

[30] *Amoco Prod. Co. v. Smith*, 946 S.W.2d 162, 164 (Tex. App.—El Paso 1997, no writ).

[31] *MGA Ins. Co. v. Charles R. Chesnutt, P.C.*, 358 S.W.3d 808, 814 (Tex. App.—Dallas 2012, no pet.).

[32] 52 U.S.C. § 30109(6)(C).

[33] *Compare TransPecos Banks v. Strobach*, 487 S.W.3d 722, 731 (Tex. App.—El Paso 2016, no pet.) *with Anderson v. Durant*, 550 S.W.3d 605, 614 (Tex. 2018).

employees of a candidate's campaign and secondly on persons who misrepresent themselves as speaking on behalf of a candidate or party.[34]  Neither applies in this instance.  As such, there is no replacement or protection of an area of state law.

*Fraud by Nondisclosure.*  Plaintiffs claim that Defendants "concealed" that "Fake PAKPAC was not a legitimate political action committee and was not registered with the Federal Election Commission (FEC) as required by law."[35]  Here again, the Act does not replace fraud by its enforcement provisions in this way.  It does not protect against this kind of fraud, so it does not protect against the harm that state law protects in this context.

Accordingly, because the Defendants have not shown the Act replaces and protects any of Plaintiffs' causes of action, they are separate from the federal cause of action to enforce provisions of the Act, and federal law does not completely preempt those claims.

### IV. Attorneys' Fees

The Court has discretion to award fees under 28 U.S.C. § 1447(c).  Because Defendants have brought a reasonable basis for removal, the Court declines to award attorneys fees to the Plaintiffs.[36]

### V. Conclusion

Having considered the parties' arguments, the Court **FINDS** that it lacks subject matter jurisdiction over this case and **GRANTS** the motion to remand.  This

---

[34] 52 U.S.C. § 30124.

[35] Doc. 8 at 9; *see* Doc. 1-4 at 9.

[36] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

is case is hereby **REMANDED** to the 298th Judicial District Court of Dallas County, Texas.  Each party will bear its own costs and fees.  All motions pending before the Court are **DISMISSED AS MOOT** and the Court **DISSOLVES** the temporary restraining order.

      **IT IS SO ORDERED** this 3rd day of October, 2024.

                                    _____

                                    BRANTLEY STARR
                                    UNITED STATES DISTRICT JUDGE